UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Takisha Brooks,

           Plaintiff,

vs.

Keolis Transit America, LLC,

           Defendant(s).

2:24-cv-00900-RFB-MDC

REPORT AND RECOMMENDATION

      This case is over a year-old with no service having been completed. For the reasons stated below, I recommend dismissing this case without prejudice.

## DISCUSSION

      The Federal Rules of Civil Procedures require that service of the summons and complaint be completed within 90-days of filing the Complaint. *See* Fed. R. Civ. P. 4(m). Plaintiff initiated this action on **May 14, 2024**, by filing a Complaint and a *Motion/Application to Proceed In Forma Pauperis*. *See* ECF No. 1. I denied the IFP application on May 24, 2024, ang directed plaintiff to file either a long-form IFP application or pay the filing fee. *ECF No. 5.* Plaintiff paid the filing fee on **June 20, 2024**. *See ECF No. 6.* Courts in this district have held service begins to run from the date the IFP application is ruled upon and/or the filing fee paid. *See Davis v. Clark County Sch. Dist.*, 2013 U.S. Dist. LEXIS 16781, at *7 (D. Nev. Feb. 6, 2013) (citing *Robinson v. America's Best Contacts & Eyeglasses*, 876 F.2d 596, 598 (7th Cir. 1989) (complaint deemed filed when IFP request ruled upon and fee paid)). Therefore, proof of service was due on **September 18, 2024**. *See* Fed. R. Civ. P. 4(m) (requiring service to be completed within 90-days of filing the Complaint). Summons was issued on the date plaintiff paid the filing fee. Thus, plaintiff was responsible for completing service by September 18, 2024. To date, plaintiff has not completed service.

      Plaintiff was advised that she was responsible for completing service. *See* ECF Nos. 3, 8. Plaintiff has also failed to show cause why her case should not be dismissed for failing to complete

service. Plaintiff's *pro se* status is no excuse for failing to comply. *See Jacobsen v. Filler*, 790 F.2d 1362, 1364-65 (9th Cir. 1986) (holding that pro se parties are not excused from following the rules and orders of the court). Plaintiff has failed to comply with his duty to move the case towards disposition on the merits. *See Allen v. Bayer Corp.* (*In re: Phenylpropanolamine*), 460 F.3d 1217, 1228 (9th Cir. 2006) (plaintiff is obligated to move the case diligently towards disposition).

District Courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A Court may dismiss an action based on a party's failure to obey a Court Order or comply with local rules. *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with Court Order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action on one of these grounds, I must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of the plaintiff's claims. The Court has an interest in moving the litigation forward, however, plaintiff's noncompliance impedes the court's ability to do so. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury to defendants arises when plaintiffs unreasonably delay in prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public

policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

While the fifth factor requires courts to consider less drastic alternatives, courts "need not exhaust every sanction short of dismissal before finally dismissing a case but must explore possible and meaningful alternative." *Henderson*, 779 F.2d at 1424. The only alternative is to enter an order setting another deadline. Issuing another order, however, will only delay the inevitable and further squander the Court's finite resources. Setting another deadline is not a meaningful alternative given these circumstances. Because dismissal would be without prejudice, it stops short of using the harshest sanction of dismissal with prejudice. The fifth factor favors dismissal.

ACCORDINGLY,

**I RECOMMEND** that this case be dismissed without prejudice for failing to file proof of service in compliance with Rule 4(m) of the Federal Rules of Civil Procedure.

DATED this 15th day of July 2025.

IT IS SO RECOMMENDED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

### NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.